UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>GENOVA MANAGEMENT GROUP LLC, d/b/a ME-N-ED'S PIZZERIA; HALLAIAN BROTHERS INVESTMENTS NO. 2, a California general partnership,<br><br>    Defendants. | No. 1:16-cv-00035-DAD-SMS<br><br>ORDER DISMISSING ACTION WITH PREJUDICE AND CLOSING CASE<br><br>(Doc. No. 18) |

On April 13, 2016, the parties filed a notice of settlement in the matter. (Doc. No. 14.) On the same date, the court issued a minute order vacating all pending deadlines and hearings. (Doc. No. 15.) The court also set a deadline of May 13, 2016 for receipt of the appropriate dismissal documents. (*Id.*) On May 13, 2016, plaintiff filed a request for additional time to file dispositional documents or set the matter for a scheduling conference. (Doc. No. 16.) The court granted the request and ordered that, on or before May 27, 2016, plaintiff should either dismiss the action with prejudice or file a request that the case be set for a scheduling conference. (Doc. No. 17.) On May 27, 2016, plaintiff filed a motion for voluntary dismissal of the entire action, with prejudice and with each party to bear their own costs and attorney's fees. (Doc. No. 18.) In the motion, plaintiff represents that:

1

> Plaintiff received the fully-executed settlement agreement signed by Defendants from Defendants' counsel, Nathan S. Miller, on May 16, 2016 . . . Plaintiff has been unable to obtain authorization since May 16 to electronically sign a joint stipulation to dismiss the entire action from Defendants' counsel, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

(*Id*. at 1–2.)

Defendants have previously filed an answer in the action. (Doc. No. 12.) Accordingly, plaintiff may no longer voluntarily dismiss under Federal Rule of Civil Procedure 41(a)(1)(A)(i), but rather has brought the motion under Rule 41(a)(2). Unlike a Rule 41(a)(1) notice of dismissal, a Rule 41(a)(2) motion requires court approval. *See* FED. R. CIV. P. 41(a); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir. 1982). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule. However, a dismissal with prejudice so that claims cannot be reasserted in another federal suit strengthens the conclusion that the dismissal causes no legal prejudice and is not an abuse of discretion. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). In this matter, defendant will suffer no discernable legal prejudice in light of the fully executed settlement agreement resolving this action and plaintiff furthermore requests that the dismissal be with prejudice. The court therefore finds that dismissal of the action with prejudice is appropriate under the circumstances. Accordingly, the action is dismissed with prejudice and the Clerk of the Court is directed to close the case. The court issues no order as to costs or attorney's fees.

IT IS SO ORDERED.

Dated:  **June 14, 2016**              *Dale A. Drozd*
                                       UNITED STATES DISTRICT JUDGE